# Exhibit 1

# EXHIBIT 1[1]

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|---------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Abrahamsen, Harry | 10-cr-254 (D.N.J.) | Tax loss of between $325,000 and $550,000[2] and a maximum account value of at least $600,000[3] | 21-27 mos[4] | 21 mos | 0 incarceration; 3 years probation with 12 months home confinement; $15,000 fine | Yes[5] |

---

[1]      Sentencing submissions are not titled uniformly across federal district courts.  For ease of reference, we refer to the sentencing memorandum submitted on behalf of the Government as "USA Sentencing Memorandum," and we refer to the sentencing memorandum submitted on behalf of the Defendant as "Defendant's Sentencing Memorandum."

[2]      Plea Agreement, at 6 (ECF No. 5).

[3]      Press Release, U.S. Attorney's Office, District of New Jersey, New Jersey UBS Client Sentenced for Failing to Report More Than $1 Million in Swiss Bank Account (May 24, 2011), available at https://www.justice.gov/opa/pr/new-jersey-ubs-client-sentenced-failing-report-more-1-million-swiss-bank-account (extrapolated based on FBAR penalty of at least $300,000).

[4]      Plea Agreement, at 6 (ECF No. 5) (based on the agreed upon offense level of 16 pursuant to the "version of the United States Sentencing Guidelines effective on November 1, 2000").

[5]      Exhibit 4 to USA Sentencing Memorandum (ECF No. 13-4), *United States v. Kaminsky*, 14-cr-382 (N.D. Ga.) (providing that the government filed a 5K1.1 motion on behalf of Abrahamsen) ("USA Kaminsky Table").

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|---------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Alan, David | 10-cr-00160 (W.D. Pa.) | Tax loss of between $80,000 and $200,000[6] and a maximum account value of $500,000[7] | 18-24 mos[8] | 0 mos | 21 months incarceration; 3 years supervised release; $40,000 fine | No[9] |
| Barouh, Jack | 10-cr-20034 (S.D. Fla.) | Tax loss of $736,269 and a maximum account value of $10,017,613[10] | 30-37 mos[11] | 20 mos | 10 months incarceration; 1 year supervised release; $5,000 fine | Yes[12] |

---

[6]     Defendant's Sentencing Memorandum, at 2 (ECF No. 56).

[7]     USA Sentencing Memorandum, at 13 (ECF No. 62).

[8]     Defendant's Sentencing Memorandum, at 2 (ECF No. 56).

[9]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor USA Sentencing Memorandum.

[10]     Statement of Facts, at 3, 5 (ECF No. 7).

[11]     USA 5K1.1 Motion, at 2 (ECF No. 18).

[12]     USA 5K1.1 Motion (ECF No. 18).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Berg, Christopher | 12-cr-877 (N.D. Cal.) | Tax loss of $270,757[13] and a maximum account value of approximately $574,000[14] | 24-30 mos[15] | 12 mos | 1 year and 1 day incarceration; 3 years supervised release | Yes[16] |
| Bhasin, Josephine | 11-cr-268 (E.D.N.Y.) | Tax loss of at least $47,000 and a maximum account value of $8.3 million[17] | Not available | Not available | 0 incarceration; 3 months home detention; 2 years probation; 150 hours of community service | Yes[18] |

---

[13]     Information, at 5 (ECF No. 1).

[14]     USA Sentencing Memorandum, at 5 (ECF No. 15) (extrapolating from a $287,896 civil FBAR penalty).

[15]     Applying the 2014 Guidelines to an offense level of 17, *see* USA Sentencing Memorandum, at 6 (ECF No. 15).

[16]     USA Sentencing Memorandum, at 5 (ECF No. 15).

[17]     Information, at 1-2 (ECF No. 7).  The tax loss of at least $47,000 is calculated by taking 28% of the $169,000 in unreported interest income, *see id.* at 2, pursuant to U.S.S.G. § 2T1.1(c)(1).

[18]     Defendant's Sentencing Memorandum, at 2 (ECF No. 28) ("We understand that Bhasin was instrumental in assisting the government in obtaining convictions against several individuals, and that a Section 5K1.1 Motion will be filed on her behalf by the Government.").

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Bloomberg, Howard | 14-cr-231 (N.D. Ga.) | Tax loss of $9,567[19] and a maximum account value of $930,000[20] | 4-10 mos[21] | 3.5 mos | 14 days incarceration;  2 years supervised release; $5,000 fine; $9,567 restitution; 200 hours of community service | No[22] |
| Briguet, George | 15-cr-0050 (E.D.N.Y.) | $169,935[23] and a maximum account value of at least $4.5 million[24] | 18-24 mos[25] | 18 mos | 0 incarceration; 2 years probation; $40,000 fine | No[26] |

---

[19]     Defendant's Sentencing Memorandum, at 3 (ECF No. 17).

[20]     Information, at 2 (ECF No. 1)

[21]     Defendant's Sentencing Memorandum, at 4 (ECF No. 17) ("Allowing a 1 level decrease for the variance recommended by the Government, the final offense level is 9 and the guideline range is 4-10 months.").

[22]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor in the USA Kaminsky Table.

[23]     Information, at 3 (ECF No. 4).

[24]     USA Sentencing Memorandum, at 5 (ECF No. 19).

[25]     USA Sentencing Memorandum, at 6 (ECF No. 19) (based on an offense level of 15).

[26]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Cambata, Albert | 15-cr-362 (E.D. Va.) | Tax loss of $84,849[27] and a maximum account value of at least $12 million[28] | 12-18 mos[29] | 12 mos | 0 incarceration; 1 year unsupervised probation; $15,000 fine; $84,849 in restitution | No[30] |
| Canale, Michael | 12-cr-975 (S.D.N.Y.) | Tax loss of approximately $216,000 and a maximum account value of approximately $1.4 million[31] | 24-30 mos[32] | 18 mos | 6 months incarceration; 3 years supervised release; $100,000 fine; $216,407 restitution; 400 hours of community service | No[33] |

---

[27]     Plea Agreement, at 3 (ECF No. 8).

[28]     Statement of Facts, at 2 (ECF No. 9).

[29]     USA Sentencing Memorandum, at 1 (ECF No. 17).

[30]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Sentencing Memorandum.

[31]     USA Sentencing Memorandum, at 1-3 (ECF No. 15).

[32]     USA Sentencing Memorandum, at 2, 3 (ECF No. 15).

[33]     USA Sentencing Memorandum, at 7 (ECF No. 15) ("The defendant has attempted to recast, inaccurately, the Government's granting of his counsel's request for a meeting with the provision of substantial assistance.").

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Canale, Peter | 14-cr-713 (S.D.N.Y.) | Tax loss of $323,227[34] and a maximum account value of at least $700,000[35] | 24-30 mos[36] | 24 mos | 0 incarceration; 3 years probation; $50,000 fine; $90,472 in restitution; 20 hours of community service per week for 3 years | No[37] |
| Chatfield, Jeffrey | 10-cr-4546 (S.D. Cal.) | Maximum account value of at least $900,000[38] | Not available | N/A | 0 incarceration; 3 Years supervised release; $2,000 in restitution | No[39] |

---

[34]    USA Sentencing Memorandum, at 6 (ECF No. 39) (Although Peter Canale's plea agreement reflected a tax loss of $106,820, the Government and the Defendant agreed that Peter Canale was also responsible for the tax loss caused by the conduct of his brother, Michael Canale, which was $216,407).

[35]    USA Sentencing Memorandum, at 5 (ECF No. 39).

[36]    USA Sentencing Memorandum, at 2 (ECF No. 39).

[37]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor USA Sentencing Memorandum.

[38]    Press Release, U.S. Attorney's Office, Southern District of California, UBS Client Sentenced in San Diego for Hiding Assets in Secret Bahamian and Swiss Bank Accounts (March 14, 2011), available at https://www.justice.gov/opa/pr/ubs-client-sentenced-san-diego-hiding-assets-secret-bahamian-and-swiss-bank-accounts.

[39]    The Government did not identify a motion pursuant to U.S.S.G. § 5K1.1 in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Chernick, Jeffrey | 09-cr-60182 (S.D. Fla.) | Tax loss between $80,000 and $200,000[40] and a maximum account value of approximately $8 million [41] | 18-24 mos[42] | 15 mos | 3 months incarceration; 1 year supervised release with 6 months home confinement | Yes[43] |
| Chitkara, Rakesh | 13-cr-202 (D.N.J.) | Tax loss of approximately $27,000, and a maximum account value of $1.6 million[44] | 10-16 mos[45] | 10 mos | 0 incarceration; 1 year probation; $15,000 fine | No[46] |

---

[40]     The tax loss is extrapolated from the Chernick's offense level of 15, which corresponds to the 18-24 month guidelines range.  *See* USA 5K Motion, at 4 (ECF No. 23).  Coupled with the decreases provided in § 3E1.1, and the increase for sophisticated means in § 2T1.1(b)(2), for the offense level to be 15, the tax loss must have been between $80,000 and $200,000.

[41]     Statement of Facts, at 2 (ECF No. 17).

[42]     USA 5K Motion, at 4 (ECF No. 23).

[43]     USA 5K Motion (ECF No. 23).

[44]     Press Release, U.S. Attorney's Office, District of New Jersey, Monmouth County, N.J., Man Admits To Filing False Personal Income Tax Returns Omitting Swiss Bank Accounts (March 21, 2013), available at https://www.justice.gov/usao-nj/pr/monmouth-county-nj-man-admits-filing-false-personal-income-tax-returns-omitting-swiss.  The maximum account value is extrapolated from the FBAR penalty of $839,885.

[45]     Based on the guidelines calculation in the plea agreement, and the application of the 2013 guidelines.  *See* Plea Agreement, at 7 (ECF No. 5).

[46]     The Government did not identify a motion pursuant to U.S.S.G. § 5K1.1 in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Chon, Bae Soo "Chris" | 12-cr-506 (D. Md.) | Tax loss $412,404 and a maximum account value of $880,000[47] | 30-37 mos[48] | 18 mos | 1 year and 1 day incarceration; 1 year supervised release; $15,000 fine; $522,650 restitution | No[49] |
| Chong, Richard | 13-cr-442 (N.D. Cal.) | Tax loss of $16,707[50] and a maximum account value of $1.8 million[51] | 10-16 mos[52] | 10 mos | 0 incarceration; 2 years probation; $3,000 fine; $16,707 restitution; 200 hours of community service | No[53] |

---

[47]     Press Release, U.S. Attorney's Office, District of Maryland, Beltsville Business Owner Sentenced to Prison for Evading over $522,000 in Federal and State Taxes  (February 15, 2013), available at https://www.justice.gov/usao-md/pr/beltsville-business-owner-sentenced-prison-evading-over-522000-federal-and-state-taxes.  The maximum account value is calculated based on the $441,482.50 civil penalty.

[48]     Based on the guidelines calculation in the plea agreement, and the application of the 2012 guidelines.  *See* Plea Agreement, at 4 (ECF No. 7).

[49]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the Defendant's Sentencing Memorandum.

[50]     USA Sentencing Memorandum, at 3 (ECF No. 10).

[51]     Defendant's Sentencing Memorandum, at 1 (ECF No. 11) (extrapolated from a $900,000 civil FBAR penalty).

[52]     USA Sentencing Memorandum, at 3 (ECF No. 10).

[53]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor USA Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Cittadini, Roberto | 09-cr-344 (W.D. Wash.) | Tax loss of $17,985 and a maximum value of $1.8 million[54] | 10-16 mos[55] | 10 mos | 0 incarceration; 1 year supervised release with 6 months home confinement; $10,000 fine; $17,985 restitution | Yes[56] |
| Cohen, Aaron | 13-cr-498 (C.D. Cal.) | Tax loss of $66,660 and a maximum account value of $3.45 million[57] | 12-18 mos[58] | 9 mos | 3 months incarceration; 1 year supervised release; $30,000 fine | Yes[59] |
| Cohen, Menashe | 14-cr-111 (D.N.H.) | Tax loss of $28,017 and a maximum account value of $1,296,799.71[60] | 10-16 mos[61] | 10 mos | 0 incarceration; 3 years probation with 6 months home confinement; $30,000 fine | No[62] |

---

[54]     USA Sentencing Memorandum, at 1-4 (ECF No. 13).

[55]     USA Sentencing Memorandum, at 4 (ECF No. 13).

[56]     USA Sentencing Memorandum, at 4 (ECF No. 13).

[57]     Plea Agreement, Attachment A, at 4-5 (ECF No. 8).

[58]     Defendant's Sentencing Memorandum, at 2 (ECF No. 33) (applying the 2014 guidelines).

[59]     ECF No. 39 ("SEALED DOCUMENT - GOVERNMENT'S EXPARTE APPLICATION to File Its Further Sentencing Position and Request Pursuant to U.S.S.G. section 5K1.1 Under Seal.").

[60]     Plea Agreement, at 5 (ECF No. 4).

[61]     Government Sentencing Memorandum, at 7 (ECF No. 15).

[62]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor the USA Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|---------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Cone, Robert | 11-cr-617 (S.D. Tex.) | Tax loss of $282,691 and a maximum account value of at least $1 million[63] | 24-30 mos[64] | 12 mos | 1 year and 1 day incarceration; 1 year supervised release; $50,000 fine; $939,917 restitution | No[65] |
| Curran, Mary Estelle | 12-cr-80206 (S.D. Fla.) | Tax loss of $667,716[66] and a maximum account value of $43 million[67] | 30-37 mos[68] | 30 mos | 0 incarceration; 12 months probation | No[69] |
| Dahake, Vaibhov | 11-cr-42 (D.N.J.) | Tax loss between $30,000 and $80,000[70] and an unidentified maximum account value | 12-18 mos[71] | 12 mos | 0 incarceration; 1 year probation; $5,000 fine | No[72] |

[63]    Plea Agreement, at 5, 8 (ECF No. 24).

[64]    Plea Agreement, at 5 (ECF No. 24).  Based on the application of the 2013 guidelines, and an offense level of 17.

[65]    Plea Agreement, at 3 (ECF No. 24) ("The parties understand this agreement carries **NO** potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.") (emphasis in original).

[66]    Plea Agreement, Statement of Facts, at 4 (ECF No. 22).

[67]    Defendants Sentencing Memorandum, at 1 (ECF No. 33) (extrapolated based on an FBAR penalty of $21.6 million).

[68]    Plea Agreement, at 4 (ECF No. 22).

[69]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in Defendant's Sentencing Memorandum.

[70]    Plea Agreement, at 7 (ECF No. 7).

[71]    Plea Agreement, at 7-8 (ECF No. 7) (based on the offense level of 13 in the plea agreement).

[72]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the plea agreement nor is there any indication of such a motion on the docket.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Eisenberg, Arthur Joel | 10-cr-369 (W.D. Wash.) | Tax loss of $64,325 and a maximum account value of $4,262,786[73] | 12-18 mos[74] | 12 mos | 0 incarceration; 3 years probation; $25,000 fine | No[75] |
| Ferdig, Arthur Allen | 09-cr-348 (C.D. Cal.) | Tax loss of $148,000[76] and a maximum account value is not available | 18-24 mos[77] | 0 mos | 18 months incarceration; 3 years supervised release; 100 hours of community service | No[78] |
| Fogel, Baruch | 14-cr-691 (C.D. Cal.) | Tax loss of $196,382[79] and a maximum account value of $8,495,787[80] | 18-24 mos[81] | 18 mos | 0 incarceration; 2 years probation; $40,000 fine | Yes[82] |

[73]     USA Sentencing Memorandum, at 3, 6 (ECF No. 11) ("From the years 2003 through 2008, the balance of funds in the various accounts maintained by Defendant Eisenberg ranged from approximately $2,377,226 to $4,262,786 . . . Based upon these calculations, the parties have agreed to stipulate that the total tax loss in this case, exclusive of any interest and penalties that may be relevant civilly, equals $64,325.").

[74]     USA Sentencing Memorandum, at 7 (ECF No. 11).

[75]     USA Sentencing Memorandum, at 12 (ECF No. 11) ("Defendant Eisenberg's cooperation has not risen to the level of justifying a downward departure pursuant to U.S.S.G. § 5K1.1.").

[76]     Plea Agreement, at 7 (ECF No. 24).

[77]     USA Sentencing Memorandum, at 3 (ECF No. 37).

[78]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor the USA Sentencing Memorandum.

[79]     Plea Agreement, at 13 (ECF No. 9).

[80]     Plea Agreement, at 5, 13 (ECF No. 9) (extrapolated from a $4,247,893.50 civil FBAR penalty).

[81]     USA Sentencing Memorandum, at 2 (ECF. No. 36).

[82]     USA Sentencing Memorandum, at 2 (ECF. No. 36).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Francis, Michael C. | 12-cr-805 (C.D. Cal.) | No tax loss associated with foreign accounts that had an aggregate maximum value of $896,157.75[83] | 6-12 mos[84] | 6 mos | 0 incarceration; 6 months home confinement; 3 years probation; $4,000 fine | No[85] |
| Gabella, Gabriel | 14-cr-207 (E.D.N.Y.) | Tax loss of $239,012 and a maximum account value of approximately $6.2 million[86] | 24-30 mos[87] | 24 mos | 0 incarceration; 3 years probation; $50,000 fine; $239,012 restitution | No[88] |
| Gardellini, Gustavo | 06-cr-335 (D.D.C.) | Tax loss of $94,116 and a maximum account value of at least $350,000[89] | 10-16 mos[90] | 10 mos | 0 incarceration; 5 years probation; $15,000 fine | No[91] |

---

[83]     USA Sentencing Memorandum, at 2-3 (ECF. No. 37).

[84]     Defendant's Sentencing Memorandum, at 2 (ECF No. 40).

[85]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor in Defendant's Sentencing Memorandum.

[86]     Defendant's Sentencing Memorandum, at 1 (ECF No. 14) ("Mr. Gabella has complied with all of the terms of his plea agreement, including the payment of a $3,140,346 FBAR penalty and $239,012 of back taxes.").

[87]     Defendant's Sentencing Memorandum, at 1 (ECF No. 14).

[88]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in Defendant's Sentencing Memorandum.

[89]     Statement of Facts, at 1-2 (ECF No. 7).

[90]     *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008).

[91]     Government's Memorandum in Opposition to Defendant's Motion for a Downward Departure Pursuant to 5K2.0 (ECF No. 11).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Ginzburg, Anton | 11-cr-432 (E.D.N.Y.) | No tax loss[92] and a maximum account value of approximately $3 million[93] | 6-12 mos[94] | 6 mos | 0 incarceration; 5 years probation; $25,000 fine | No[95] |
| Gomez, Humberto | 12-cr-20198 (S.D. Fla.) | Tax loss of $10,478 and a maximum account balance of $1,412,026[96] | 0-6 mos[97] | N/A | 0 incarceration; 3 years probation; $10,478 restitution | Yes[98] |
| Greeley, Robert E. | 11-cr-374 (N.D. Cal.) | Tax loss of $16,869 and an aggregate maximum balance of over $13 million[99] | 12-18 mos[100] | 12 mos | 0 incarceration; 6 months home confinement; 3 years probation; $3,000 fine; $16,689 restitution | No[101] |

[92]     USA Sentencing Memorandum, at 3 (ECF No. 18) ("Ginzburg's base offense level should be six, as there was no tax loss").

[93]     USA Sentencing Memorandum, at 2 (ECF No. 18) (extrapolated from a civil FBAR penalty of $1,552,606.50).

[94]     USA Sentencing Memorandum, at 1 (ECF No. 18).

[95]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Sentencing Memorandum (ECF No. 18).

[96]     Press release, U.S. Attorney's Office, Southern District of Florida, Businessman with Swiss Bank Account Pleads Guilty to Charge of Filing a False Tax Return (May 3, 2012), available at https://www.justice.gov/archive/usao/fls/PressReleases/2012/120503-03.html.

[97]     Defendant's Sentencing Memorandum, at 1 (ECF No. 22).

[98]     Defendant's Sentencing Memorandum, at 1 (ECF No. 22).

[99]     Defendant's Sentencing Memorandum, at 1-2 (ECF No. 11).

[100]     Defendant's Sentencing Memorandum, at 2 (ECF No. 11) ("Mr. Greeley should receive a sentence below the applicable Guidelines range of 12-18 Months").

[101]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor in Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Gurary, Edward | 11-cr-72 (N.D. Ohio) | Tax loss of $16,182[102] and a maximum account value of $947,000[103] | 10-16 mos[104] | 10 mos | 0 incarceration; 3 years probation | Yes[105] |
| Hakimijoo, Monajem | 14-cr-17 (C.D. Cal.) | Tax loss of $59,528[106] and a maximum account balance of approximately $4 million[107] | 12-18 mos[108] | 6 mos | 6 months incarceration; 1 year home confinement; 2 years supervised release; $30,000 fine; $59,528 restitution | No[109] |

---

[102]     Defendant's Sentencing Memorandum, at 1 (ECF No. 42).

[103]     Press release, U.S. Attorney's Office, Northern District of Ohio, Former Ohio Man Pleads Guilty to Failing to Report His Foreign Bank Account at UBS in Switzerland (March 8, 2011), available at https://www.justice.gov/opa/pr/former-ohio-man-pleads-guilty-failing-report-his-foreign-bank-account-ubs-switzerland.

[104]     Defendant's Sentencing Memorandum, at 4 (ECF No. 42).

[105]     Defendant's Sentencing Memorandum, at 1 (ECF No. 42); Government's Eighth Motion to Continue Sentencing, at 2 (ECF No. 39) ("The government continues to believe that the period of cooperation may be substantial, extending over a period of several months beyond the current October 9th date.").

[106]     USA Sentencing Memorandum, at 3 (ECF No. 26).

[107]     Press release, U.S. Attorney's Office, Central District of California, Mizrahi Bank Client Sentenced for Filing False Tax Return (Aug. 4, 2014), available at https://www.justice.gov/opa/pr/mizrahi-bank-client-sentenced-filing-false-tax-return

[108]     USA Sentencing Memorandum, at 1 (ECF No. 26).

[109]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor the Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Handelsman, Moshe | 13-cr-384 (N.D. Cal.) | Tax loss of $830,000 and a maximum account value of approximately $3 million[110] | 30-36 mos[111] | 30 mos | 0 incarceration; 10 months home confinement; 2 years probation; $6,000 fine | Yes[112] |
| Heller, Kenneth | 10-cr-388 (S.D.N.Y.) | Tax loss between $400,000 and $1,000,000 and a maximum account value of $19,632,000[113] | 30-37 mos[114] | 28.5 mos | 45 days incarceration; 2 years supervised release; $180,000 fine | No[115] |

---

[110]   USA Sentencing Memorandum, at 3 (ECF No. 17).

[111]   Based on 2013 guidelines calculation and an offense level of 19.  *See* USA Sentencing Memorandum, at 2 (ECF No. 17).

[112]   USA Sentencing Memorandum, at 3-4 (ECF No. 17).

[113]   Plea Agreement, at 2-3 (ECF No. 58 at Ex. G).

[114]   USA Sentencing Memorandum, at 1 (ECF No. 59).

[115]   USA Kaminsky Table (Defendant "assisted the government although no 5K1.1 motion was filed"); USA Sentencing Memorandum, at 2-3 (ECF No. 59).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|----------------------|--------------------|----------|--------------------------------|
| Hernandez, Federico | 10-cr-334 (S.D.N.Y.) | Tax loss of $84,000[116] and a maximum account value of $8,799,396[117] | 18-24 mos[118] | 6 mos | 1 year and 1 day incarceration; 1 year supervised release with 6 months home confinement; $4,000 fine; $84,423 restitution | No[119] |
| Hoess, Lothar | 11-cr-154 (D.N.H.) | Tax loss between $400,000 and $1,000,000[120] and a maximum account value of approximately $2.6 million[121] | 30-37 mos[122] | 30 mos | 0 incarceration; 8 months home confinement; 3 years probation; $10,000 fine; $2,033,209 restitution | Yes[123] |

---

[116]    USA Sentencing Memorandum, at 3-7 (ECF No. 11) (explaining that the tax loss of $84,000, which was used to calculate the guidelines range, was substantially lower than the true tax loss to the Government, to wit, $510,193).

[117]    Information, at 6 (ECF No. 2).

[118]    USA Sentencing Memorandum, at 2 (ECF No. 11).

[119]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Sentencing Memorandum.

[120]    Plea Agreement, at 5 (ECF No. 44) (applying 2T4.1 (H)).

[121]    Defendant's Sentencing Memorandum, at 2 (extrapolated from an FBAR penalty of approximately $1.3 million) (ECF No. 51).

[122]    Defendant's Sentencing Memorandum, at 19 (ECF No. 51).

[123]    Defendant's Sentencing Memorandum, at 7 (ECF No. 51) ("the government will be filing a U.S.S.G. 5K1.1 Motion for Downward Departure in Mr. Hoess's case").

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Homann, Juergen | 09-cr-724 (D.N.J.) | Tax loss between $400,000 and $1,000,000[124] and a maximum value of over $5 million[125] | 30-37 mos[126] | 30 mos | 0 incarceration; 5 years probation; $60,000 fine | Yes[127] |
| Iazlovsky, Alexei | 13-cr-344 (E.D. Cal.) | Tax loss between $400,000 and $1,000,000[128] and a maximum account value of at least $2.6 million[129] | 30-37 mos[130] | 30 mos | 0 incarceration; 1 year supervised release; $60,000 fine | Yes[131] |

---

[124]   Plea Agreement, at 7 (ECF No. 4).

[125]   Press release, U.S. Attorney's Office, District of New Jersey, UBS Client Pleads Guilty to Failing to Report $6.1 Million in Swiss Bank Accounts (Sept. 25, 2009), available at https://www.justice.gov/opa/pr/ubs-client-pleads-guilty-failing-report-61-million-swiss-bank-accounts.

[126]   Plea Agreement, at 8 (ECF No. 4).

[127]   A motion pursuant to U.S.S.G. § 5K1.1 was identified in the USA Kaminsky Table.

[128]   Plea Agreement, at 14 (ECF No. 7).

[129]   Press release, U.S. Attorney's Office, Central District of California, Maryland Businessman Pleads Guilty to Concealing Foreign Bank Account at Israel based Bank on His Tax Return (July 1, 2013), available at https://www.justice.gov/opa/pr/maryland-businessman-pleads-guilty-concealing-foreign-bank-account-israel-based-bank-his-tax

[130]   Based on the guidelines calculation in the plea agreement, and the application of the 2013 guidelines.  See Plea Agreement, at 13-14 (ECF No. 7).

[131]   Notice of Manual Filing (ECF No. 48) (indicating the government will file a motion pursuant to 5K1.1).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Jackson, Lucille | 10-cr-797 (D.N.J.) | Tax loss between $5,000 and $12,500[132] and a maximum account value of more than $750,000[133] | 6-12 mos[134] | 6 mos | 0 incarceration; 1 year probation | No[135] |
| Jiang, Jonathan Jianguo | 11-cr-00857 (N.D. Cal.) | Tax loss of $467,336[136] and a maximum account value of approximately $4.3 million[137] | 24-30 mos[138] | 8 mos | 16 months incarceration; 3 years supervised release; restitution of $467,336 | No[139] |

---

[132]     Plea Agreement, at 6 (ECF No. 5).

[133]     Press Release, U.S. Attorney's Office, District of New Jersey, New Jersey UBS Client Sentenced for Failing to Report More Than $750,000 in Swiss Bank Account (May 23, 2011), available at https://www.justice.gov/opa/pr/new-jersey-ubs-client-sentenced-failing-report-more-750000-swiss-bank-account.

[134]     Plea Agreement, at 6 (ECF No. 5).

[135]     A motion pursuant to U.S.S.G. § 5K1.1 was not identified in the USA Kaminsky Table.

[136]     USA Sentencing Memorandum, at 1-2 (ECF No. 82).

[137]     Indictment, at 2 (ECF No. 1).

[138]     USA Sentencing Memorandum, at 6-7 (ECF No. 82).

[139]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor the Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Jovel, Efrain Arturo | 14-cr-463 (N.D. Cal.) | Tax loss of $175,000[140] and an undetermined maximum account value | 18-24 mos[141] | 0 mos | 18 months incarceration[142]; 3 years supervised release; $10,000 fine; $175,023 restitution | No[143] |
| Kaminsky, Gregg A. | 14-cr-382 (N.D. Ga.) | Tax loss of approximately $125,000 and a maximum account balance of $1.15 million[144] | 15-21 mos[145] | 6 mos | 4 months incarceration; 2 months home confinement; 2 years supervised release; $0 fine; $91,983 restitution | No[146] |

---

[140]    Press Release, U.S. Attorney's Office, Northern District of California, Santa Rosa Tax Return Preparer Sentenced to 18 Months for Tax Fraud and Failing to Report Foreign Bank Accounts Omitting More than $587,000 of Income (March 3, 2015), available at https://www.justice.gov/usao-ndca/pr/santa-rosa-tax-return-preparer-sentenced-18-months-tax-fraud-and-failing-report-foreign.

[141]    Defendant's Sentencing Memorandum, at 4 (ECF No. 15).

[142]    *See* Defendant's Sentencing Memorandum, at 2 (ECF No. 15) ("Although the defense could make many arguments that 18 months in custody for a 64 year old first offender with a series of medical problems is greater than required to deter others and punish Mr. Jovel, the defense stands by the agreement it has made and requests the Court impose an 18 month sentence in this case.").

[143]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor the Defendant's Sentencing Memorandum.

[144]    USA Sentencing Memorandum, at 3-5 (ECF No. 13).

[145]    USA Sentencing Memorandum, at 3-4, 9 (ECF No. 13).

[146]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|----------------------|--------------------|----------|--------------------------------|
| Kampfen, Pius | 13-cr-369 (N.D. Cal.) | Tax loss of $6,420 and a maximum account value of $3 million[147] | 6-12 mos[148] | 6 mos | 0 incarceration; 6 months home confinement; 2 years probation; $20,000 fine | No[149] |
| Kashfi, Guity | 13-cr-241 (C.D. Cal.) | Tax loss of $61,965 and a maximum account value of approximately $2.5 million[150] | 12-18 mos[151] | 11 mos | 1 month incarceration; 1 year supervised release; $30,000 fine; $61,965 restitution | Yes[152] |
| Kordash, Viktor | 14-cr-345 (S.D.N.Y) | Tax losses of $268,034 and a maximum account value of $1,599,270.51[153] | 24-30 mos[154] | 21 mos | 3 months incarceration; 3 years supervised release; $268,034 restitution | No[155] |

---

[147]   Defendant's Sentencing Memorandum, at 2 (ECF No. 8) (extrapolated from a $1,465,392.85 civil FBAR penalty).

[148]   USA Sentencing Memorandum, at 1 (ECF No. 9).

[149]   USA Sentencing Memorandum, at 2 (ECF No. 9).

[150]   Plea Agreement, at 11, Attachment A (ECF No. 6).

[151]   Based on the guidelines calculation in the plea agreement, and the application of the 2013 guidelines.  Plea Agreement, at 13-14 (ECF No. 6).

[152]   ECF No. 53 ("GOVERNMENT'S EXPARTE APPLICATION to File Its Further Sentencing Position and Request Pursuant to U.S.S.G. 5K1.1.").

[153]   USA Sentencing Memorandum, at 2 (ECF No. 13).

[154]   USA Sentencing Memorandum, at 1, 3 (ECF No. 13).

[155]   Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|----------------------|--------------------|----------|-------------------------------|
| Landegger, George | 15-cr-00032 (S.D.N.Y.) | Tax loss of $71,824 and a maximum account value of over $8.4 million[156] | 12-18 mos[157] | 10 mos | 2 months incarceration; 6 months home confinement; 6 months of supervised release; $71,824 in restitution; $30,000 fine | No[158] |
| McCarthy, John | 09-cr-784 (C.D. Cal.) | Tax loss between $200,000 and $400,000[159] and a maximum account value of over $1 million[160] | 24-30 mos[161] | 24 mos | 0 incarceration; 6 months home confinement; 3 years probation; $25,000 fine | Yes[162] |

---

[156]    USA Sentencing Memorandum, at 2-3 (ECF No. 18)

[157]    USA Sentencing Memorandum, at 1 (ECF No. 18)

[158]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Sentencing Memorandum nor Defendant's Sentencing Memorandum.

[159]    Plea Agreement, at 6 (ECF No. 5).

[160]    Plea Agreement, Attachment A (ECF No. 5).

[161]    Based on the guidelines calculation in the plea agreement, and the application of the 2009 guidelines.  Plea Agreement, at 5-6 (ECF No. 5)

[162]    ECF No. 36 ("Government's Further Sentencing Position and Request Pursuant to U.S.S.G. 5K1.1")

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Moran, Robert | 09-cr-60089 (S.D. Fla.) | Tax loss of $25,788[163] and a maximum account value of approximately $3.6 million[164] | 10-16 mos[165] | 8 mos | 2 months incarceration; 1 year supervised release with 150 days home confinement | Yes[166] |
| Mukhi, Raju | 14-cr-00173 (E.D. Mo.) | Taxes losses of $37,447[167] and a maximum account value was at least $14 million[168] | Not available | Not available | 0 incarceration; 3 years probation; restitution of $37,447 | Not available |
| Olenicoff, Igor | 07-cr-227 (C.D. Cal.) | No tax loss and a maximum account value of over $100 million[169] | 0-6 mos[170] | Not applicable | 0 incarceration; 2 years probation; $3,500 fine | No[171] |

---

[163]     Defendant's Sentencing Memorandum, at 3 (ECF No. 44).

[164]     Defendant's Sentencing Memorandum, at 22 (ECF No. 44).

[165]     Defendant's Sentencing Memorandum, at 15 (ECF No. 44).

[166]     Defendant's Sentencing Memorandum, at 1 (ECF No. 44).

[167]     Judgment, at 3 (ECF No. 61).

[168]     Indictment, at 2-3 (ECF No. 2).

[169]     Plea Agreement, at 4, 8 (ECF No. 11).

[170]     USA Sentencing Memorandum, at 2 (ECF No. 14).

[171]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|---------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Palmer, Angela | 12-cr-8 (E.D. Tenn.) | Tax loss of $58,647[172] a and maximum account value that is not available | 18-24 mos[173] | 18 mos | 0 incarceration; 5 years probation;  $58,647 restitution | No[174] |
| Palmer, Warren | 12-cr-7 (E.D. Tenn.) | Tax loss of $70,887[175] and a maximum account value that is not available | 18-24 mos[176] | 18 mos | 0 incarceration; 5 years probation;  $70,887 restitution | No[177] |
| Quintero, Luis | 12-cr-20192 (S.D. Fla.) | No tax loss[178] and a maximum account value of $4,005,618[179] | 6-12 mos[180] | 2 mos | 4 months incarceration; 3 years supervised release; $20,000 fine | No[181] |

---

[172]    Plea Agreement, at 5 (ECF No. 4).

[173]    Defendants' Sentencing Memorandum, at 22 (ECF No. 20).

[174]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in Defendant's Sentencing Memorandum.

[175]    Plea Agreement, at 5 (ECF No. 3).

[176]    Defendants' Sentencing Memorandum, at 22 (ECF No. 20).

[177]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in Defendant's Sentencing Memorandum.

[178]    Defendant's Sentencing Memorandum, at 1 (ECF No. 28).

[179]    Plea Agreement, at 6 (ECF No. 18).

[180]    Defendant's Sentencing Memorandum, at 2 (ECF No. 28).

[181]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the Defendant's Sentencing Memorandum nor in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|----------------------|--------------------|----------|-------------------------------|
| Raminfard, David | 13-cr-725 (C.D. Cal.) | Tax loss of $145,934 and a maximum account value of $3,001,259[182] | 18-24 mos[183] | 16 mos | 2 months incarceration; 1 year supervised release; $145,934 in restitution; $40,000 fine | Yes[184] |
| Reiss, Michael | 11-cr-668 (S.D.N.Y.) | Tax loss greater than $400,000 and a maximum account value of $2.588 million[185] | 30-37 mos[186] | 30 mos | 1 day incarceration; 3 years supervised release with 8 months in a halfway house; $458,550 restitution | No[187] |
| Robbins, Jules | 10-cr-333 (S.D.N.Y) | No tax loss and a maximum account value of over $40 million[188] | 6-12 mos[189] | 6 mos | 0 incarceration; 1 year probation; $2,000 fine | No[190] |

---

[182]    Plea Agreement, Attachment A, at 3 (ECF No. 4).

[183]    Defendant's Sentencing Memorandum, at 1 (ECF No.); Plea Agreement, at 14-15 (ECF No. 4).

[184]    Defendant's Sentencing Memorandum, at 2 (ECF No. 33).

[185]    USA Sentencing Memorandum, at 1, 8 (ECF No. 16).

[186]    Defendant's Sentencing Memorandum, at 3 (ECF No. 12).

[187]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table. *See also* USA Sentencing Memorandum, at 10-11 (ECF No. 16).

[188]    Defendant's Sentencing Memorandum, at 1, 15 (ECF. No. 10) (extrapolated based on civil FBAR penalty of $20.83 million).

[189]    Defendant's Sentencing Memorandum, at 16 (ECF No. 10).

[190]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Kaminsky Table nor in the Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Roberts, Nadia | 11-cr-199 (E.D. Cal.) | Tax loss of $709,675 and a maximum account value of approximately $5 million[191] | 30-37 mos[192] | 18 mos | 1 year and 1 day incarceration; 1 year supervised release; $709,675 restitution | Yes[193] |
| Roberts, Sean | 11-cr-199 (E.D. Cal.) | Tax loss of $709,675 and a maximum account value of approximately $5 million[194] | 30-37 mos[195] | 18 mos | 1 year and 1 day incarceration; 1 year supervised release; $709,675 restitution | Yes[196] |
| Roessel, Wolfgang | 12-cr-60074 (S.D. Fla.) | $312,803[197] and a maximum account value of over $10 million[198] | 24-30 mos[199] | 24 mos | 0 incarceration; 8 months home confinement; 3 years probation; $10,000 fine | No[200] |

[191]    Plea Agreement, at 3, 15 (ECF No. 7).

[192]    USA Sentencing Memorandum, at 9-10 (ECF No. 45).

[193]    USA Sentencing Memorandum, at 8-10 (ECF No. 45).

[194]    Plea Agreement, at 3, 15 (ECF No. 7).

[195]    USA Sentencing Memorandum, at 9-10 (ECF No. 45).

[196]    USA Sentencing Memorandum, at 8-10 (ECF No. 45).

[197]    Plea Agreement, at 4 (ECF No. 20).

[198]    Plea Agreement, at 5 (ECF No. 20) (extrapolated from $5.7 million civil penalty).

[199]    Based on the guidelines calculation in the plea agreement, and the application of the 2012 guidelines.  *See* Plea Agreement, at 4 (ECF No. 20).

[200]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the USA Kaminsky Table nor in the Defendant's Sentencing Memorandum.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Rubinstein, Steven | 09-cr-60166 (S.D. Fla.) | Tax loss between $80,000 and $200,000[201] and a maximum account value of at least $7 million[202] | 18-24 mos[203] | 18 mos | 0 incarceration; 12 months home confinement; 3 years probation; $40,000 fine | Yes[204] |
| Rudolph, Gregory | 10-cr-10360 (D. Mass.) | Tax loss of $25,507 and a maximum account balance of approximately $2 million[205] | 10-16 mos[206] | 10 mos | 0 incarceration; 1 month home confinement; 1 year probation; $3,000 fine | Yes[207] |

---

[201]    Based on the guidelines range of 18-24 months mentioned in the Government's motion for a downward departure, *see* (ECF No. 51), Rubinstein's offense level must have been 15.  Based on the guidelines calculation in the plea agreement, for Rubinstein to have a final offense level of 15, his tax losses must have been calculated under 2T4.1(F).

[202]    Statement of Facts, at 2 (ECF No. 43).

[203]    USA Motion for 5K (ECF No. 51).

[204]    USA Motion for 5K (ECF No. 51).

[205]    Plea Agreement, at 2 (ECF No. 9).

[206]    Based on the guidelines calculation in the plea agreement, and the application of the 2011 guidelines.  *See* Plea Agreement, at 2 (ECF No. 9).

[207]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was identified in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Schiavo, Michael | 11-cr-10192 (D. Mass.) | Tax loss of $40,624[208] and a maximum account value of approximately $150,000[209] | 12-18 mos[210] | 12 mos | 0 incarceration; 1 month home confinement; 1 year probation | Yes[211] |
| Schober, Peter | 10-cr-10359 (D. Mass.) | Tax loss of $77,871 and a maximum account value of $1,555,972[212] | 12-18 mos[213] | 11 mos | 1 month incarceration; 6 months supervised release with 2 months home confinement; $3,000 fine | Yes[214] |
| Sethi, Sanjay | 13-cr-10 (D.N.J.) | Tax loss of $102,167 and a maximum account value of $4.7 million[215] | 18-24 mos[216] | 18 mos | 0 incarceration; 1 year probation with 4 months home confinement; $0 fine | Not available |

[208]   Plea Agreement, at 2 (ECF No. 2).

[209]   Information, at 1 (ECF No. 1).

[210]   Defendant's Sentencing Memorandum, at 7 (ECF No. 12).

[211]   Defendant's Sentencing Memorandum, at 7 (ECF No. 12).

[212]   Plea Agreement, at 2, 4 (ECF No. 3) (specifying that the FBAR penalty was $777,986).

[213]   Based on the guidelines calculation in the plea agreement, and the application of the 2010 guidelines.  *See* Plea Agreement, at 2 (ECF. No. 3).

[214]   Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was identified in the USA Kaminsky Table.

[215]   Plea Agreement, at 3, 5 (ECF No. 5).

[216]   Based on the guidelines calculation in the plea agreement, and the application of the 2013 guidelines.  *See* Plea Agreement, at 8 (ECF No. 5).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Silva, Andrew | 10-cr-44 (E.D. Va.) | Tax loss of $16,484[217] and a maximum account value of approximately $268,000[218] | 6-12 mos[219] | 6 mos | 0 incarceration; 4 months home confinement; 2 years probation; $20,000 fine; $16,484 restitution | Yes[220] |
| Sperling, Zvi | 13-cr-108 (C.D. Cal.) | Tax loss of between $30,000 and $80,000[221] and a maximum account value of $4 million[222] | 12-18 mos[223] | 12 mos | 0 incarceration; 2 years probation; $30,000 fine; $70,918 restitution | Yes[224] |
| Stedman, Robert | 14-cr-60073 (S.D. Fla.) | Tax losses between $12,500 and $30,000 and a maximum account value of approximately $800,000[225] | 12-18 mos[226] | 12 mos | 0 incarceration; 2 years probation; 100 hours of community service | Yes[227] |

---

[217]   Defendant's Sentencing Memorandum, at 1 (ECF No. 15).

[218]   USA Sentencing Memorandum, at 2 (ECF No. 13).

[219]   Defendant's Sentencing Memorandum, at 1 (ECF No. 15).

[220]   Motion for Downward Departure (ECF No. 13).

[221]   Plea Agreement, at 14 (ECF No. 5).

[222]   Plea Agreement, Attachment A, at 3 (ECF No. 5).

[223]   Based on the guidelines calculation in the plea agreement, and the application of the 2013 guidelines.  Plea Agreement, at 14-15 (ECF No. 5).

[224]   ECF No. 29 ("GOVERNMENT'S EXPARTE APPLICATION to File its Further Sentencing Position and Request Pursuant to U.S.S.G. 5K1.1.").

[225]   Plea Agreement, at 4-5 (ECF No. 15).

[226]   Plea Agreement, at 4-5 (ECF No. 15).

[227]   Defendant's Sentencing Memorandum, at 1 (ECF No. 26).

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|---------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Troost, Peter | 13-cr-185 (N.D. Ill.) | Tax loss of $1,039,343[228] and a maximum account value of $6,500,943[229] | 37-46 mos[230] | 25 mos | 1 year and 1 day incarceration; 1 year supervised release; $32,500 fine; $1,039,343 restitution | No[231] |
| Upham, Sybil Nancy | 10-cr-326 (S.D.N.Y.) | Tax loss of $740,511[232] and a maximum account value of $11,141,097[233] | 30-37 mos[234] | 30 mos | 0 incarceration; 3 years probation; $30,000 fine | Yes[235] |

---

[228]    Plea Agreement, at 6 (ECF No. 12).

[229]    Plea Agreement, at 6 (ECF No. 12).

[230]    USA Sentencing Memorandum, at 5 (ECF No. 18).

[231]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was neither mentioned in the  USA Kaminsky Table, the Defendant's Sentencing Memorandum, nor the Defendant's Sentencing Memorandum.

[232]    Information, at 10 (ECF No. 13).

[233]    Information, at 6 (ECF No. 13).

[234]    Based on consultation with Ms. Upham's counsel.

[235]    Based on consultation with Ms. Upham's counsel.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Vogliano, Ernest | 10-cr-327 (S.D.N.Y.) | Tax loss between $5,000 and $12,500[236] and a maximum account value of $4,896,893[237] | 6-12 mos[238] | 6 mos | 0 incarceration; 2 years probation; $10,000 fine | No[239] |
| Wajsfelner, Jacques | 12-cr-641 (S.D.N.Y.) | Tax loss of $419,940[240] and a maximum account value of at least $5.5 million[241] | 30-37 mos[242] | 30 mos | 0 incarceration; 6 months supervised release with 3 months home confinement; $20,000 fine; $419,940 restitution | No[243] |

---

[236]    Based on consultation with Mr. Vogliano's counsel.

[237]    Indictment, at 6 (ECF No.).

[238]    Based on consultation with Mr. Vogliano's counsel.

[239]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.

[240]    USA Sentencing Memorandum, at 2 (ECF No. 10).

[241]    Press Release, U.S. Attorney's Office, Southern District of New York, Massachusetts Man Sentenced In Manhattan Federal Court For Hiding Millions From IRS In Swiss Bank Accounts (March 5, 2013), available at https://www.justice.gov/usao-sdny/pr/massachusetts-man-sentenced-manhattan-federal-court-hiding-millions-irs-swiss-bank.

[242]    Based on application of the 2013 Guidelines to the tax loss, and assuming application of a two-level enhancement for sophisticated means, a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and a Criminal History Category of I.

[243]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|---|---|---|---|---|---|---|
| Warner, H. Ty | 13-cr-731 (N.D. Ill.) | Tax loss of $5,594,877[244] and a maximum account balance of over $100 million[245] | 46-57 mos[246] | 46 mos | 0 incarceration; 2 years probation; $100,000 fine | No[247] |
| Werdiger, Richard | 10-cr-325 (S.D.N.Y.) | Tax loss $200,000 between $400,000 and a maximum account value of more than $7.1 million[248] | 24-30 mos[249] | 12 mos | 1 year and 1 day incarceration; 1 year supervised release; $50,000 fine; $397,404 restitution | No[250] |

---

[244]    Plea Agreement, at 7 (ECF No. 15).

[245]    USA Sentencing Memorandum, at 27 (ECF No. 26).

[246]    USA Sentencing Memorandum, at 16 (ECF No. 26).

[247]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.

[248]    Press Release, U.S. Attorney's Office, Southern District of New York, Account Holders Hid Income And Assets From The IRS Using Sham Companies And Evaded Millions Of Dollars In Income Taxes Two Defendants Plead Guilty To Tax Crimes In Manhattan Federal Court (April 15, 2010), available at https://www.justice.gov/tax/pr/seven-ubs-clients-charged-hiding-over-100-million-secret-swiss-bank-accounts-defraud-irs.

[249]    USA Kaminsky Table.

[250]    Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.

| Name | Docket | Tax Loss Amount/Maximum Account Value | Guidelines (Months) | Variance (Months) | Sentence | Motion for Downward Departure |
|------|--------|----------------------------------------|---------------------|-------------------|----------|-------------------------------|
| Zabczuk, Paul | 10-cr-60112 (S.D. Fla.) | Tax loss between $200,000 and $400,000[251] and a maximum account value of $530,000[252] | 24-30 mos[253] | 24 mos | 0 incarceration; 3 years probation with 1 year home confinement; $2,000 fine | Yes[254] |
| Zaltsberg, Leonid | 10-cr-437 (D.N.J.) | Tax loss $64,543[255] and a maximum account value of $2.6 million[256] | 12-18 mos[257] | 12 mos | 0 incarceration; 4 years probation with 1 year home confinement; $3,000 fine | No[258] |

---

[251]     Plea Agreement, at 4 (ECF No. 20).

[252]     Defendant's Sentencing Memorandum, at 6 (ECF No. 28).

[253]     USA Motion for Downward Departure, at 2 (ECF No. 29).

[254]     ECF No. 29.

[255]     http://www.northjersey.com/news/n-j-man-sentenced-for-not-reporting-swiss-account-1.1164475; Plea Agreement, at 6 (ECF No. 3) (estimating the tax loss as between $30,000 and $80,000)

[256]     December 16, 2010 Letter to the Honorable Stanley Chesler (ECF No. 13).

[257]     Based on a final offense level of 13 calculated in accordance with the 2010 Guidelines.

[258]     Based on the fact that a motion pursuant to U.S.S.G. § 5K1.1 was not mentioned in the USA Kaminsky Table.